STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**
May 25, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MYLINDA KIMBALL-SHEPHERD,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0722** (BOR Appeal No. 2050186)
                    (Claim No. 2011010941)

**FORTUNE BRANDS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mylinda Kimball-Shepherd, by George Zivkovich, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Fortune Brands, by Aimee Stern and Denise Pentino, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 1, 2015, in which the Board affirmed a January 8, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 21, 2013, decision which denied a request for referral to PARS Brain and Spine Institute for pain management. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Kimball-Shepherd, a lead QA tech, was injured in the course of her employment on September 13, 2010, when she was struck in the side by a fork truck. The claim was held compensable for sacroilitis, sciatica, contusion of the buttocks, thoracic sprain, lumbar sprain, right hip strain, and right leg contusion. A treatment note from Marietta Memorial Hospital indicates Ms. Kimball-Shepherd reported right hip and lower right side back pain that had waxed and waned since September of 2010. She was diagnosed with ruptured disc, sprained back, and sacroilitis. In May and June of 2012, she underwent lumbar transforaminal epidural and sacral

1

transforaminal epidural injections. Ms. Kimball-Shepherd's treating physician, Teresita DeJosef, M.D., submitted a notice of maximum medical improvement in July of 2013. She opined that Ms. Kimball-Shepherd required no further treatment and could return to work on October 1, 2013.

On October 10, 2013, Sushil Sethi, M.D., performed an independent medical evaluation in which he noted that Ms. Kimball-Shepherd reported her symptoms were much improved. She still had pain in the right hip; however, a recent MRI was normal. Lumbar MRIs were also normal and showed no herniations. Dr. Sethi found she was at maximum medical improvement. He found normal range of motion in the right hip and assessed 0% impairment. He assessed 5% lumbar spine impairment and 0% thoracic spine impairment. He stated that Ms. Kimball-Shepherd did not need additional treatment and that her injuries resolved long ago. In an October 26, 2013, addendum, Dr. Sethi confirmed his previous report. On November 21, 2013, the claims administrator denied a request for referral to PARS Brain and Spine Institute for pain management.

Bruce Guberman, M.D., performed an independent medical evaluation of Ms. Kimball-Shepherd on September 25, 2014. He diagnosed chronic post-traumatic lumbar sprain, L5-S1 disc protrusion, resolved thoracic strain, and status post right hip contusion. He found that Ms. Kimball-Shepherd had reached maximum medical improvement. He recommended that she be referred to a pain clinic or a physician close to her home for medication maintenance, but he opined that she should be weaned from narcotics. For the thoracic spine, Dr. Guberman found 0% impairment. For the lumbar spine, he assessed 10% impairment. He then placed Ms. Kimball-Shepherd in Lumbar Category II of West Virginia Code of State Rules § 85-20-C (2006) and adjusted the rating to 8% whole person impairment. For the right hip, he assessed 2% impairment. The combined total rating was 10% impairment.

The Office of Judges affirmed the claims administrator's denial for referral to PARS Brain and Spine Institute for pain management in its January 8, 2015, Order. It noted the compensable conditions in the claim are sacroilitis, sciatica, contusion of the buttocks, thoracic sprain/strain, lumbar sprain/strain, right hip strain, and right leg contusion. The Office of Judges found that a lumbar MRI dated April 22, 2011, showed a small disc bulge at L5-S1 and degenerative disc disease at L5-S1. The assessments were lower back pain, degeneration of L5-S1 lumbar intervertebral disc, and lumbosacral neuritis/radiculitis. The Office of Judges noted that degeneration of L5-S1 lumbar intervertebral disc is not a compensable condition in the claim. It also noted that electrodiagnostic studies dated April 23, 2012, of the right lower extremity were normal. The Office of Judges determined that a history and physical by Sheena Geer, FNP, BC, dated January 12, 2012, stated that Dr. Gold and Ms. Greer felt that the degenerative disc at L5-S1 was the cause of Ms. Kimball-Shepherd's pain and recommended a PARS pain clinic consultation for evaluation and treatment.

The Office of Judges further stated that Ms. Kimball-Shepherd has been found to be at maximum medical improvement by multiple physicians, including her treating physician who opined in a July of 2013 notice of maximum medical improvement that she needed no further treatment and could return to work. Dr. Sethi also opined that she had reached maximum medical

improvement. Similarly, Dr. Guberman stated that Ms. Kimball-Shepherd had reached maximum medical improvement and required no further treatment. The Office of Judges therefore concluded that the requested consultation was not necessary to treat the compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on July 1, 2015.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidence shows that while Ms. Kimball-Shepherd may need referral to PARS Brain and Spine Institute for pain management, the referral is not necessary to treat the compensable injury. Ms. Kimball-Shepherd underwent treatment, was found to be at maximum medical improvement, and was determined to require no further treatment by multiple physicians of record, including her treating physician. The evidence shows that the requested referral was made for the treatment of her non-compensable degenerative disc disease and not the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 25, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

3